UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON J. CAMPOS,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>        Defendant. | Case No. 1:23-cv-00940-KJM-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 17, 19)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Aaron J. Campos ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on Plaintiff's motion for summary judgment and the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for issuance of findings and recommendations.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole and is not based upon proper legal standards.  Accordingly, this Court will recommend granting Plaintiff's motion for summary judgment and denying the Commissioner's request to affirm the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed applications for disability insurance benefits and supplemental security income on January 24, 2020.  AR 188-90, 191-92.[2]  Plaintiff alleged he became disabled on November 11, 2019, due to bipolar disorder.  AR 107, 220.  Plaintiff's applications were denied initially and on reconsideration.  AR 107-11, 119-23.  Subsequently, Plaintiff requested a hearing before an ALJ. Following a hearing, ALJ Laura Bernasconi issued a decision denying benefits on February 24, 2022. AR 21-35, 40-59.  Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied.  AR 5-9.  This appeal followed.

### **Relevant Hearing Testimony**

ALJ Bernasconi held a telephonic hearing on January 6, 2022.  Plaintiff appeared with his attorney, Amanda Foss.  Sarah Holmes, an impartial vocational expert, also appeared.  AR 42-43.

Plaintiff testified that he has a high school education.  AR 44.  When asked what prevented him from working, Plaintiff reported that his doctors have been vocal about him not working.  He explained that he gets delusional, moody, and paranoid.  When he gets into moods and is delusional, he will stop sleeping and eating, or he will sleep too much.  He did TMS therapy, where they use magnetic waves.  Until recently, he took Seroquel, an antipsychotic that helps mood balance and sleep. He also took Guanfacine for ADD.  He now only takes Seroquel if he needs to sleep, which is about once a week.  AR 46-48.  He has side effects from the medications, like weight gain and feeling sluggish.  AR 51.  He reported that it was "a little bit hard when you listen to doctors and you don't get better and then you do everything they say and it just doesn't work out for you."  AR 48.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff further testified that he lives with his parents. On an average day, he tries to exercise a little bit and eat. Sometimes he forgets to eat or is too sad to do anything. AR 49. When asked about chores, Plaintiff testified that he washes dishes and sometimes cleans the bathroom. It sometimes takes him a few days to a week to shower or brush his teeth. He needs reminders from his parents. He needs to be reminded that he does not smell the best, that he needs to take a shower, or that maybe he should not be wearing these clothes in this weather or pajamas at night. AR 52. He can watch a movie or television show, but he has a very short attention span. He likes to do multiple things at one time. He wants to be watching a movie, while cleaning, while on his phone, while sending out some emails. AR 52.

Plaintiff also reported that he has been working with the Department of Behavioral Health for three or four years and has been through three or four doctors. AR 49. The first doctor said that Plaintiff was not responding to anything that they did and recommended "electronic compulsive therapy." AR 49-50.

Plaintiff claimed that he does not have a hard time interacting with people outside of his home, but will get into altercations with people outside of his home if it extreme. He is a stickler for justice and if he sees something wrong, then he wants to say something. AR 50. He still has difficulty with anger outbursts or controlling his anger. AR 52-53. In the past, he has had difficulty dealing with stressful situations or changes. His doctor earlier suggested that Plaintiff willingly go on a 5150 hold, but Plaintiff had to work. It also had been suggested over the years by different people, but he just always had to work. His doctor did make him go to the ER, where he stayed for about 12 hours, because they were afraid that he was a danger to himself. He was having a bad night and overtook medication on purpose. AR 53-54.

Plaintiff indicated that his symptoms have gotten better with TMS therapy, but may be "returning now." AR 54. He also reported that TMS helped "for a little bit." AR 54.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

///

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 24-35. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 11, 2019, the alleged onset date. AR 27. The ALJ identified the following severe impairments: borderline personality disorder; schizophrenia; and bipolar disorder. AR 27. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 27-29.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: simple, routine, repetitive tasks in a non-production-based work environment (no quotas or assembly line work) with occasional decision-making required. He could have occasional interaction with co-workers and supervisors, but no tandem tasks or teamwork, and no public interaction. AR 29-33. With this RFC, the ALJ determined that Plaintiff could not perform any of his past relevant work. However, there were jobs existing in the national economy that Plaintiff could perform, such as cleaner, hospital cleaner, and kitchen helper. AR 33-34. The ALJ therefore concluded that Plaintiff had not been under a disability from November 11, 2019, through the date of the decision. AR 35.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the

evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to reject Plaintiff's severe psychiatric symptomology. (Doc. 17 at 8.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015. "This

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (alterations in original). In other words, the ALJ must "identify specifically which of [plaintiff's] statements she found not credible and why." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *see also Sanders v. Comm'r of Soc. Sec.*, No. 1:21-cv-00204-DAD-BAM, 2024 WL 1641035, at *1 (E.D. Cal. Apr. 16, 2024) (discussing clear and convincing standard, which requires ALJs to show their work).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found his statements concerning the intensity, persistence and limiting effects of those symptoms "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 29-30. The ALJ therefore was required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

The ALJ first found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were "inconsistent because the medical evidence indicates that the severity of claimant's impairments was not to the degree alleged." AR 30. While a lack of objective medical evidence cannot form the sole basis for discounting testimony, inconsistency with the medical evidence or medical opinions can be sufficient. *See Woods v. Comm'r of Soc. Sec.*, No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022) (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *see also* S*martt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *accord Dittmer v. Comm'r of Soc. Sec.*, No. 1:22-CV-01378-SAB, 2024 WL 967439, at *9 (E.D. Cal. Mar. 6, 2024) ("Ninth Circuit caselaw has distinguished testimony that is 'uncorroborated' by the medical evidence from testimony that is 'contradicted' by the medical records, deeming the latter sufficient on its own to meet the clear and convincing standard."). Here, the Court does not find inconsistency with the record to be a sufficient reason for discounting Plaintiff's symptom testimony.

In her opinion, the ALJ summarized Plaintiff's testimony related to his mental health issues as follows:

> The claimant testified that he is unable to work because of his mental health condition, which causes him to forget things (Hearing Testimony). He testified that he sometimes needs reminders to attend to his personal hygiene. The claimant also testified to deficits in concentration and that he has a short attention span and likes to [do] multiple things at the same time, such as watching television while cleaning or checking email. He testified that he experiences anger outbursts and that it is hard for him not to lash out at people if he feels they are doing something wrong. The claimant also testified to difficulty dealing with stressful situations and changes in the past.

AR 29.

After concluding that Plaintiff's statements were inconsistent with the medical record, the ALJ acknowledged Plaintiff's history of borderline personality disorder and depression and treatment with psychotropic medication. AR 30. The ALJ then summarized the medical evidence of record related to Plaintiff's mental health impairments, including medication management notes, mental status examinations, and psychiatry notes. AR 30-31, citing AR 290-91, 317-18, 362-65, 334-38, 383-90, 376-77. The ALJ did not identify the specific statements or allegations she found inconsistent with the cited medical records. Although the ALJ summarized Plaintiff's testimony, this is not equivalent to identifying specific statements, and it is not evident from the ALJ's decision if she intended to discount the entirety of Plaintiff's testimony or merely specific portions of that testimony. *Sanders*, 2024 WL 1641035, at *2 ("But summarizing plaintiff's testimony is not equivalent to identifying specific statements"). Even if the ALJ did identify specific testimony, she provided no explanation as to why such testimony was inconsistent with the medical record. The ALJ's summary of the medical evidence is not the same as providing a specific, clear and convincing reason for discounting Plaintiff's testimony. *Cf. Lambert*, 980 F.3d at 1278 ("providing a summary of medical evidence ... is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible."); *Brown-Hunter*, 806 F.3d at 494 ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

As the only other reason for discounting Plaintiff's allegations, the ALJ found "[t]he stabilization of the claimant's mental health condition when adherent to his psychotropic medication and improvement with TMS [Transcranial Magnetic Stimulation] therapy indicates that the severity of the claimant's borderline personality disorder, schizophrenia, and bipolar disorder is not to the degree alleged." AR 31.  The ALJ further explained that such conditions allowed Plaintiff to perform work at all exertional levels.  AR 31.  The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  While symptoms may wax and wane during the progression of a mental disorder, "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be effectively controlled with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Corrales v. O'Malley*, No. 1:23-cv-01066-HBK, 2024 WL 3596824, at *6 (E.D. Cal. July 31, 2024) (indicating favorable response to treatment can undermine complaints of severe mental limitations); *accord Evans v. Comm'r of Soc. Sec.*, No. 2:22-cv-435-KJN, 2023 WL 3570083, at *10 (E.D. Cal. May 19, 2023) (concluding ALJ properly rejected plaintiff's severe symptom testimony based, in part, on findings that medication controlled some of her mental health impairments).

The Court does not find this to be a specific, clear, and convincing reason for discounting Plaintiff's subjective complaints.  The ALJ merely summarized the medical record without specifying which of those records demonstrated stabilization of Plaintiff's mental health condition when adherent to medication.  Further, the ALJ's finding of stabilization is not convincing or otherwise supported by substantial evidence.  When read as a whole, the cited medical records do not undermine Plaintiff's subjective complaints.  For instance, the ALJ referenced medication management notes from October 2019, which identified Plaintiff's reported benefit from medication, but the corresponding mental status examination revealed an anxious mood and impaired judgment and insight.  AR 30, 290.  Plaintiff also reported that his Abilify "made him more anxious," and the medication notes indicated that Plaintiff had used "seroquel, Depakote, Zoloft, wellbutrin and lithium without much benefit and they made him more moody or tired."  AR 290.  The treatment provider discontinued Plaintiff's

8

Abilify because "it made him more anxious" and increased Plaintiff's Cymbalta for depression, Seroquel for his mood, and added Propranolol for anxiety. AR 291.

The ALJ also referenced medication management notes from March 2020, but those notes indicated that even while on medication Plaintiff dropped his online class because he was "unmotivated," and his insight and judgment remained impaired. AR 30, 317. Plaintiff's treatment provider again adjusted Plaintiff's medication, increasing Plaintiff's Cymbalta for depression and his Topamax for mood. AR 318. The ALJ also cited medication management notes from June 2020 indicating that Plaintiff reported feeling good. AR 30, 315-16. However, Plaintiff continued to have impaired insight and judgment, and the treatment provider again modified Plaintiff's medications. AR 315-16. The ALJ referenced psychiatry notes from September 2020, but those notes indicated that Plaintiff's mood was anxious even while on medication. AR 30, 361-65. The provider also pointed out that Plaintiff's past psychiatric medications of Zoloft, Prozac, Vistaril, Depakote ER, Seroquel XR, Lithium carbonate, Lexapro, Abilify, Paxil, and Cymbalta were ineffective. AR 364.

The ALJ referenced medication management notes from March 2021, but those notes revealed a depressed and anxious mood while Plaintiff continued with medication. The provider also added an additional medication for focusing. AR 30, 383-84. The ALJ also referenced medication management notes from June 2021 and September 2021, indicating "the claimant's reported improved mood and mania with psychotropic medication." AR 31, 378-79, 380-81. Although the ALJ correctly noted that the treatment provider identified improved mood and mania with Seroquel, by September 2021 it was "mostly for sleep." AR 379. Plaintiff's insight and judgment continued to be impaired, and his medications were again adjusted in September 2021, with a trial of gabapentin added for sleep and anxiety. AR 31, 378-79, 380.

Additionally, the ALJ acknowledged that Plaintiff sought neurological treatment with interest in TMS therapy in September 2021, and the corresponding neurological exam was normal. AR 31, 351-52. However, the ALJ failed to acknowledge the neurologist's indication that Plaintiff's severe depression had resulted in "difficulty maintaining employment" and had "truly interfered with his life." AR 351. The neurologist confirmed that Plaintiff had "seen many psychiatrists over the years and he has been on mental antidepressants and antidepressant enhancers over the years in different

doses and combinations, however, he continues to have severe impairment from depression." AR 351. The neurologist further assessed Plaintiff with severe major depression, again affirming Plaintiff "has had depression for many years and he has failed a multitude of antidepressants." AR 352. Plaintiff was to have an initial TMS session. AR 352.

The ALJ's subsequent finding that Plaintiff's condition improved with TMS therapy such that he could work at all exertional levels also is not a clear and convincing reason for discounting Plaintiff's subjective complaints supported by substantial evidence. To support her finding, the ALJ cited a single treatment record from December 2021. AR 31, 376-77 [Ex. 9F/24-25]. Although that record included Plaintiff's report that TMS therapy was helpful, it also included Plaintiff's report that he still had "some anxiety 10/10 depression 4-6/10 focus is off sometimes sad mood . . . sometimes has VH [visual hallucinations] sees things." AR 376. Further the ALJ apparently failed to consider the temporary nature of any improvement with TMS therapy, as Plaintiff testified that he felt his symptoms may be returning, and that TMS helped only for "a little bit." AR 54.

Based on the foregoing, the Court finds that the ALJ failed to provide specific, clear and convincing reasons to discount Plaintiff's symptom testimony. Moreover, the ALJ appears to have improperly "cherry-picked" aspects of the medical record to demonstrate stabilization and improvement of Plaintiff's mental impairments, without considering the record as a whole, including evidence implicating both the lack of stabilization or effectiveness with medications and only temporary improvement with TMS therapy. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

**B.     Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). "[A] remand for further proceedings regarding the subjective statements of a claimant is an appropriate remedy." *See Wheeler v. Kijakazi*, No. 1:21-cv-1225 JLT BAM, 2023 WL 4146215, at *7 (E.D. Cal. June 23, 2023) (citations omitted). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is

10

appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 17) be granted.
2. The Commissioner's request to affirm the agency's determination (Doc. 19) be denied.
3. The matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.
4. The Clerk of this Court be directed to enter judgment in favor of Plaintiff Aaron J. Campos, and against Defendant Martin O'Malley, Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 30, 2024**              /s/ *Barbara A. McAuliffe*            
UNITED STATES MAGISTRATE JUDGE